Filed 7/9/24  P. v. Thierry CA2/4

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(a). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115(a).

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>    v.<br><br>ALBERT MARTIN THIERRY,<br><br>        Defendant and Appellant. | B332011<br><br>Los Angeles County<br>Super. Ct. No. SA077040 |

APPEAL from an order of the Superior Court of Los Angeles County, William C. Ryan, Judge. Affirmed.

Marta I. Stanton, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

## INTRODUCTION AND PROCEDURAL BACKGROUND

In 2011, a jury convicted defendant and appellant Albert Martin Thierry of two counts of second degree robbery (Pen. Code,[1] § 211); second degree commercial burglary (§ 459); use of tear gas (former § 12403.7, subd. (g)); and grand theft of personal property. (§ 487, subd. (a).) On one of the robbery counts and on the theft count, the jury found true the allegation that Thierry used a dangerous and deadly weapon (pepper spray). (§ 12022, subd. (b)(1).) The jury also found true the allegations Thierry sustained prior strike convictions and four prior serious felony convictions. (§§ 1170.12, subds. (a)-(d); 667, subds. (a)(1), (b)-(i).) Although the information alleged Thierry served prior prison terms (§ 667.5, subd. (b)), the trial court did not impose enhancements on those allegations.

As this case fell under the Three Strikes law, the trial court sentenced Thierry to 65 years to life in state prison, consisting of consecutive terms of 25 years to life on the robbery counts, plus 15 years for the 3 prior serious felony enhancements, in addition to concurrent determinate terms and stayed sentences on other counts.

At a resentencing hearing in 2015, the trial court resentenced Thierry to 65 years to life in state prison. The court denied Thierry's motion to strike the prior strike convictions under *People v. Superior Court (Romero)* (1996) 13 Cal.4th 497.[2]

---

1       All undesignated statutory references are to the Penal Code.

2       In 2019, the trial court corrected Thierry's abstract of judgment to reflect that a one-year enhancement under section 12022, subdivision (b)(1) should have attached to a theft count, not a robbery count. The court stayed that enhancement under

In 2023, Thierry filed a resentencing petition requesting relief under Proposition 36 (section 1170.126).[3] Thierry also requested resentencing under section 1172.75 (former § 1171.1), which extended relief to certain individuals whose sentences were enhanced under section 667.5, subdivision (b) for serving prior prison terms. (§ 1172.75, subd. (a).)

The trial court issued a memorandum of decision denying Thierry's requests for resentencing. Regarding Thierry's request for relief under Proposition 36, the court concluded it was untimely, and that even assuming it had been timely, Thierry did not fall within the purview of Proposition 36. Regarding Thierry's request under section 1172.75, the court explained that statute applied to enhancements under section 667.5, none of which were imposed in Thierry's case.

Thierry timely appealed, and we appointed counsel to represent him. On January 4, 2024, appellate counsel filed a brief raising no issues and requesting discretionary independent review of the record under *People v. Delgadillo* (2022) 14 Cal.5th 216. On January 19, 2024, Thierry filed a supplemental brief. On February 2, 2024, he filed a letter that included, as an exhibit, the motion he filed in the trial court requesting relief under former section 1171.11.

---

section 654. In 2020, the court corrected Thierry's sentence slightly in a manner not relevant to this appeal.

3    Generally speaking, Proposition 36 extended relief to individuals sentenced to life terms under the Three Strikes law for committing offenses that were neither serious nor violent. (See § 1170.126, subd. (e)(1).)

## DISCUSSION

In his brief, Thierry raises various arguments why he should be resentenced. He appears to renew his argument, raised in the trial court, that he is entitled to resentencing under section 1170.126. He also renews his argument that, under section 1172.75, his prior serious felony enhancements should be stricken. He notes that one of his fellow inmates has received resentencing relief, and that he should be entitled to that same relief. He lastly asserts that his sentence constitutes cruel or unusual punishment. None of these arguments has merit.

### I. Section 1170.126

We begin by discussing Thierry's motion under section 1170.126. As the trial court correctly noted, Thierry's motion for relief under that statute was untimely. (§ 1170.126, subd. (b) [defendant who does not file petition within two years of the enactment of section 1170.126 must show good cause for delay].) Thierry waited roughly 10 years after the statute's enactment to file his motion, and he has not shown good cause for his delay in petitioning the trial court for relief.

Even assuming Thierry's motion under section 1170.126 had been timely, the trial court was correct that he is ineligible for relief. As the court correctly explained in its memorandum denying relief, Thierry's consecutive indeterminate sentences of 25 years to life were both imposed on robbery convictions. Robbery remains a serious and violent felony under current law, and accordingly, Thierry is not entitled to relief for those convictions. (§§ 1192.7, subd. (c)(19) [robbery is a serious felony]; 667.5, subd. (c)(9) [robbery is a violent felony]; 1170.126, subd. (e)(1) [relief is unavailable to inmates serving terms under the

4

Three Strikes law for serious and/or violent felonies].) Thierry is therefore ineligible for section 1170.126 relief.

## II. Section 1172.75

The trial court was likewise correct that Thierry is ineligible for relief under section 1172.75. As noted above, that statute applies to individuals whose sentences were enhanced under section 667.5, subdivision (b) based on prior prison terms. (§ 1172.75, subd. (a).) Thierry's sentence was not enhanced under section 667.5. His assertion that section 1172.75 extends to prior serious felony enhancements imposed under section 667, subdivision (a)(1) misreads the plain language of section 1172.75.

## III.　Cruel or Unusual Punishment

We likewise reject Thierry's cruel and/or unusual punishment argument. Unlike the federal Constitution, which bans "cruel and unusual punishments" (U.S. Const., 8th Amend.), the California state Constitution bans "[c]ruel or unusual punishment." (Cal Const., art. I, § 17.) It is unclear whether Thierry's argument is that his sentence violates the federal Constitution, state Constitution, or both. Out of an abundance of caution, we therefore address case law surrounding both federal and state constitutional protections.

In determining whether a sentence constitutes cruel or unusual punishment, the proper inquiry "focuses on whether the punishment is 'grossly disproportionate' to the offense and the offender, or stated another way, whether the punishment is so excessive that it "'shocks the conscience and offends fundamental notions of human dignity.'"" (*In re Palmer* (2021) 10 Cal.5th 959, 972.) When challenging a sentence as being cruel and/or unusual in violation of the federal and California Constitutions, "[a]

5

defendant has a considerable burden to overcome." (*People v. Bestelmeyer* (1985) 166 Cal.App.3d 520, 529.) "The doctrine of separation of powers is firmly entrenched in the law of California and the court should not lightly encroach on matters which are uniquely in the domain of the Legislature." (*Ibid.*) Reviewing courts must always remain "aware that it is the function of the legislative branch to define crimes and prescribe punishment." (*Ibid.*) Because it is the Legislature which determines the appropriate penalty for criminal offenses, "[f]indings of disproportionality have occurred with exquisite rarity in the case law." (*People v. Weddle* (1991) 1 Cal.App.4th 1190, 1196.)

Applying the above-stated principles, and having considered case law addressing the issue presented here and other related issues, we conclude Thierry's sentence does not violate state or federal constitutional proscriptions against cruel and/or unusual punishment. (*People v. Cooper* (1996) 43 Cal.App.4th 815, 820-828 [Three Strikes law does not violate state or federal proscriptions against cruel and/or unusual punishment]; see *People v. Bernal* (2019) 42 Cal.App.5th 1160, 1172-1173 [term of 85 years to life in prison prescribed by the Legislature does not violate state or federal bans on cruel and/or unusual punishment].)

## IV. Thierry's argument that he should be granted relief because his fellow inmate was granted relief

We also reject Thierry's arguments that he should get relief because his fellow inmate did. That other inmate's circumstances are of no relevance to this case. On this record, it is clear Thierry is not entitled to resentencing relief under the law.

6

## V.    Independent review of the record

In addition to rejecting the arguments Thierry raised in his supplemental brief, we have exercised our discretion to independently review the record, and we conclude no arguable issues exist. (See *People v. Delgadillo*, *supra*, 14 Cal.5th at p. 232.)

## VI.    Thierry's remarks regarding his progress toward rehabilitation

Thierry concludes his supplemental brief by providing his thoughts regarding his progress in prison. Although this court encourages rehabilitation, it is not within our function to assess nor otherwise comment on Mr. Thierry's progress toward that goal. That subject is best addressed, in the first instance, by a parole board.

## DISPOSITION

We affirm the order denying Thierry resentencing relief.

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

 

 

CURREY, P. J.

We concur:

 

 

MORI, J.

 

 

ZUKIN, J.